No. 42,083

Robert W. Allen, *Appellee*, v. Hartford Fire Insurance Company, a Corporation, *Appellant*.

(359 P. 2d 829)

Opinion filed March 4, 1961.

*J. J. Mangan*, of Dodge City, argued the cause, and was on the briefs for the appellant.

*Bradley Post*, of Meade, argued the cause, and *George R. Gould* and *George Gould, Jr.*, both of Dodge City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: In the court below, Allen sued the insurance company on a collapse clause in a fire and extended coverage insurance policy issued by the defendant company covering a dwelling house which, at the time of the alleged loss, seems to have been Allen's home. Two other insurance companies were originally made parties defendant. These companies had issued other policies of a similar nature which insured half of any loss by collapse of the house. These companies later settled with plaintiff and paid half of the loss and were dismissed as parties to the action. The case against the defendant insurance company was tried to a jury which returned a verdict in the sum of $603.13—that being the amount sued for by plaintiff against the defendant as half of the loss due to the collapse of his house. Judgment was granted on the verdict and defendant insurance company has appealed.

The insurance company in its notice of appeal has specified six orders as to which it appeals and in its specifications of error complains of seven orders. Without stopping to ascertain whether all

of the specifications of error are included in the notice of appeal, we are constrained to say that the law of this case is largely governed by the decision of this court in *Jenkins v. United States Fire Ins. Co.*, 185 Kan. 665, 347 P. 2d 417.

The Jenkins case involved a similar clause in an insurance policy and a quite similar collapse in basement walls of a house. We might observe that this court is really of the opinion that the cracks in the basement walls in this case showed worse injury to the house than the damage in the Jenkins case. Here, the evidence showed that the doors upstairs would not close because of the settling of the house due to the bulging of the south wall in the basement. In the Jenkins opinion, *supra*, the insurance clause similar to the one here involved was construed at page 671 as follows:

"When construed on the basis of intention, as required by the foregoing decision, and others therein cited, we believe the clause 'collapse of building or any part thereof' as used in the involved insurance contract is to be interpreted as comprehending that, if brought about by unusual and extraordinary circumstances which the parties to that agreement could not normally expect or foresee on the date of its execution, the settling, falling, cracking, bulging or breaking of the insured building or any part thereof in such manner as to materially impair the basic structure or substantial integrity of the building is to be regarded as a 'collapse' of the building within the meaning of that word as used in such clause of the policy. We further believe that questions relating to whether that condition came about under the previously related conditions and circumstances are questions of fact for the jury and the trial court."

The trial court framed the instruction defining "collapse" upon the above quoted part of the Jenkins opinion. There is no reason to think the jury did not follow the instruction in finding its verdict for the plaintiff which was amply supported by the evidence.

There is little, if any, evidence which would indicate that the collapse of the building in this case was brought about by circumstances which the parties to the agreement "could normally expect or foresee" on the date of the agreement. In both the Jenkins case and in this case the evidence indicated that the damage was caused by weather conditions or drouth, and the jury in this case so found.

This court has examined each point in the brief of the insurance company and is of the opinion that there is no reversible error to be found in this appeal, and that an extended discussion of each of the seven specifications of error is unwarranted.

At the close of the trial, the learned trial judge filed a short memorandum opinion in which he noted that in view of *Jenkins v. United States Fire Ins. Co.*, supra, he felt the defendant insurance company

had "no just cause or excuse" for failing to pay the plaintiff's claim and was therefore allowing plaintiff an attorney's fee of $225.00 under G. S. 1959 Supp., 40-256. We fully agree with the trial court in the allowance of this modest fee.

The judgment appealed from must be affirmed. It is hereby so ordered.