No. 42,307

P. D. RUSSELL, d/b/a RUSSELL GROCERY, *Appellee*, v. PHOENIX ASSURANCE COMPANY OF NEW YORK, a Corporation, *Appellant*.

(362 P. 2d 430)

Opinion filed June 10, 1961.

*Karl V. Shawver, Jr.*, of Paola, argued the cause, and *Karl V. Shawver*, of Paola, was with him on the briefs for the appellant.

*Douglas Hudson*, of Fort Scott, argued the cause, and *Howard Hudson* and *Douglas G. Hudson*, both of Fort Scott, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action for the recovery of money on a contractor's statutory bond.

Plaintiff filed a bill of particulars in a justice of the peace court of Bourbon county against William A Reser, d/b/a Continental Construction Co., and Phoenix Assurance Company of New York, a

corporation, defendant (appellant) herein. The case was appealed to the district court by defendant Phoenix Assurance Company, and from a judgment for the plaintiff in that court, defendant appeals.

P. D. Russell, plaintiff (appellee), alleged in his bill of particulars that William A. Reser, d/b/a Continental Construction Co., entered into a contract with the city of Bronson to construct and complete certain pipe lines and other portions of a municipal water works.

It was further alleged that in connection with the contract executed by Reser and the city, he, as principal, and the Phoenix Assurance Company of New York, as surety, executed a statutory bond as provided and required by G. S. 1949, 60-1413 and 60-1414, by the terms of which the defendants obligated themselves to pay "all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with or in or about the construction of said public building or in making such public improvements, including gasoline, lubricating oils, fuel oils, greases, coal and similar items used or consumed directly in furtherance of such improvements."

It was also alleged that the defendants were indebted to the plaintiff in the sum of $108.98 with interest upon an account and indebtedness contracted by Reser, for which defendant Phoenix Assurance Company was liable under the bond.

The case went to trial on the aforementioned bill of particulars. No other pleading was filed in the district court. A jury was waived and evidence adduced. William A. Reser did not appear at the trial and no service was had upon him. The trial court found that defendant Phoenix Assurance Company was justly indebted to the plaintiff on account of and in connection with the bond mentioned in the bill of particulars in the sum of $100, which it had refused without just cause or excuse to pay, and that plaintiff should therefore recover an attorney fee in the sum of $200 as a part of the costs. The court entered judgment accordingly, and defendant appeals therefrom.

The trial court made no special findings of fact or conclusions of law but did make a finding that the Phoenix Assurance Company was justly indebted to the plaintiff under the terms of its bond. No motion for a new trial was filed and the judgment was rendered in conformity with the allegations of the bill of particulars and the findings of the trial court.

We have repeatedly held that in the absence of a motion for a new trial the scope of appellate review is limited to the question of whether the judgment is supported by the pleadings and the findings of the trial court. Trial errors will not be reviewed, nor will inquiry be made as to whether the evidence supports the findings of fact. (*Barclay v. Mitchum,* 186 Kan. 463, 350 P. 2d 1109; *Ogilvie v. Mangels,* 183 Kan. 733, 735, 332 P. 2d 581; *Jeffers v. Jeffers,* 181 Kan. 515, 518, 313 P. 2d 233.) It is evident from a reading of the bill of particulars and the findings of the trial court in the instant case that they support the lower court's judgment.

Attorney fees were properly allowed under the provisions of G. S. 1959 Supp., 40-256. See *Allen v. Hartford Fire Ins. Co.,* 187 Kan. 728, 359 P. 2d 829; *Ferrellgas Corporation v. Phoenix Ins. Co.,* 187 Kan. 530, 534, 358 P. 2d 786; *Humfeld v. Pyramid Life Ins. Co.,* 187 Kan. 231, 235, 356 P. 2d 668.

The judgment must therefore be affirmed. It is so ordered.