**STATE OF KANSAS ex rel. AMERICAN STEEL WORKS, Plaintiff-Respondent,**

v.

**HARTFORD ACCIDENT & INDEMNITY COMPANY, Defendant-Appellant.**

No. 24826.

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 1, 1968.

Application to Transfer Denied May 13, 1968.

25, 1960, with the City of Scranton, Kansas, in connection with the construction of a water works system for said City; that under the terms of said contract, Cox agreed to furnish all the labor and materials for the construction of said water works system; that Cox and defendant, as Surety, on March 25, 1960, delivered their joint and several bond to the City of Scranton for the purpose of complying with G.S.Kan. 1949, Sect. 60–1413, which provides as follows: "That whenever any public official shall under the laws of the state, enter into contract in any sum exceeding $100 with any person or persons for the purpose of making any public improvements * * * such officer shall take, from the party contracted with, a bond with good and sufficient sureties to the state of Kansas in a sum not less than the sum total in the contract, conditioned that such contractor * * shall pay all indebtedness incurred for supplies, materials or labor furnished, used or consumed in connection with * * * the construction of said public building or in making such public improvements * *."

It is further alleged that Cox entered into said contract with plaintiff, American Steel Works, to supply certain equipment to accomplish said work; that plaintiff delivered said equipment; that such equipment was required under and was necessary for the completion of said contract with the City of Scranton; that the charge for said equipment was $7,472, which said charge was reasonable and proper; that Cox promised and agreed to pay the same upon demand, but failed to do so, except to the extent of $2,298; that said water works system was completed on June 20, 1961; that this suit is filed within six months from date of completion of said project pursuant to G.S.Kan.1949, Sect. 60–1414, which provides in part, as follows:

"* * * Any person to whom there is due any sum for labor or material furnished, as stated in the preceding section, or his assigns, may bring an action on said bond for the recovery of said indebtedness: *Provided,* that no action shall be

---

Rodger J. Walsh, Kansas City, for defendant-appellant.

David W. Shinn, Kansas City, for plaintiff-respondent.

JAMES W. BROADDUS, Special Commissioner.

Plaintiff's first petition filed on October 13, 1961, alleged that it is a corporation organized under the laws of Missouri with its offices at 1211 West 27th Street in Kansas City, Missouri; that defendant, Hartford Accident & Indemnity Company is a corporation authorized to engage in the business of being a surety for hire in the States of Missouri and Kansas.

Said petition further alleged that Lester R. Cox entered into a contract on March

brought on said bond after six months from the completion of said public improvements or buildings."

Said petition further alleged that there is still owing to relator-plaintiff for equipment supplied to said water works system under contract with Cox the sum of $5,174; that plaintiff has duly performed all conditions precedent on its part to be performed under said contract, under said bond and under the law. The prayer of the petition was for judgment against defendant in the sum of $5,174 and for costs.

On November 9, 1961, plaintiff sought to obtain service on defendant by leaving a copy of the summons and petition at a business office of the defendant with W. L. Robinson an office manager and person in charge of defendant's office.

On December 8, 1961, defendant filed its motion to quash service of summons and dismiss the action, stating that the only agent of defendant in this State that can be properly served under Section 375.210 RS Mo 1959, V.A.M.S., is the Insurance Commissioner of Missouri.

On January 9, 1962, an alias summons was served upon defendant by delivery to the Superintendent of Insurance.

On February 27, 1962, defendant filed a motion for summary judgment stating: "(1) That service of process was not obtained on the defendant through the Superintendent of Insurance until January 9, 1962: (2) That this cause of action is brought under Kansas Law (G.S.Kan.1949, Section 60–1414) and that the six month statute of limitations has run against this claim because the plaintiff alleged the building was completed on June 20, 1961."

On April 9, 1964, plaintiff filed its First Amended Petition requesting interest and attorney's fees pursuant to Sections 16–201 and 40–256 as amended, G.S.Kansas 1949. On April 18, 1964, defendant filed its motion to dismiss plaintiff's First Amended Petition raising for the first time its defense that Sect. 375.210 RSMo, V.A.M.S.,

did not permit service of process on defendant.

All of the above motions were ruled upon adversely to defendant. Finally, on December 19, 1966, the case came on for trial before the Court without the aid of a jury. Judgment was rendered in favor of plaintiff in the sum of $5,174, together with interest thereon at six percent per annum from October 13, 1961, and the sum of $3,-500 as attorney's fees. Defendant has appealed.

■ Defendant first asserts that the trial court had "no jurisdiction or venue" over this action and cites Sect. 60–503 G.S.Kan. 1949, a venue statute having no application whatever to a transitory action upon a claim under a statutory public works bond. Defendant does not point out which portion of the statute it felt controlled this particular action, probably because a simple reading of the statute demonstrates that it does not apply. Certainly, this is not an action "for the recovery of a fine, forfeiture of penalty imposed by statute," nor is it an action "against a public officer for an act done by him in virtue or under color of his office or for neglect of his official duties." It is just as obviously not an action upon "*the* official bond or undertaking of a public officer." (Emphasis added) It is a transitory action on a claim against a statutory public works bond provided pursuant to Sections 60–1413 and 60–1414 G.S.Kan.1949. The courts of Kansas have never held that Section 60–503 applies to a statutory public works bond such as is the subject matter of this lawsuit.

Defendant next contends that: "The first purported service on the Missouri Office Manager of defendant was invalid because the Missouri Insurance Code, Sect. 375.210, RSMo 1959, provides only for service on the Superintendent of Insurance." In support of this contention defendant cites the cases of State ex rel. Phoenix Mut. Life Ins. Co. of Hartford, Conn. v. Harris, Mo. Sup., 121 S.W.2d 141; State ex rel. Equitable Life Assur. Soc. of United States v.

Allen, Mo.Sup., 136 S.W.2d 309; and Johnson v. Fire Ass'n of Philadelphia, 240 Mo. App. 1187, 225 S.W.2d 370. These cases hold that the only method of obtaining service upon a foreign insurance company is through the Superintendent of Insurance. Plaintiff says the service was proper, under Rules 54.06(c) and 54.20, Missouri Rules of Civil Procedure, V.A.M.R. We need not rule the question as its determination is not necessary for the proper disposition of this case.

■ Defendant then argues that the service on the Superintendent of Insurance on January 9, 1962, was also invalid. It says that Sect. 375.210, supra, "gives no authority or jurisdiction to the trial court to hear this case or enter judgment." Again defendant relies upon the *Harris, Allen* and *Johnson* cases. The *Harris* and *Johnson* cases construed Sect. 5894, a predecessor to our present Section 375.210 RSMo 1959, V.A.M.S. Sect. 5894 was materially different from the present Sect. 375.210, and was repealed by the Legislature apparently at the suggestion of the Supreme Court in the *Harris* opinion. Sect. 375.210 provides: " * * * service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or *upon any liability accrued in this state,* or on any policy issued in any other state in which such resident is named as beneficiary, * * *." (Empasis ours)

Thus the *Allen* and *Harris* cases are not controlling on the question of the type of actions that permit service of process on the Superintendent of Insurance pursuant to Sect. 375.210, as they were clearly dealing with a different statute. In the case at bar, liability under the bond to the American Steel Works accrued in Missouri and was outstanding in Missouri in the sense of being due here.

The *Johnson* case is readily distinguishable from the instant case. In that case the plaintiff was a resident of Iowa. In the case at bar, plaintiff is a resident of Missouri. In the *Johnson* case the event or act upon which liability was predicated occurred in Iowa. In the instant case, the contract of sale and actual sale of the materials upon which this action is brought took place in Missouri, and the breach of payment occurred in Missouri, as that is where the payment was due. The court held in the *Johnson* case that the then Sect. 6005, did not authorize service on the Superintendent of Insurance, because the plaintiff was a non-resident and the liability accrued outside of the State of Missouri. In the instant case, the contrary is true.

We hold that the alias summons served on the Superintendent of Insurance constituted valid service.

Defendant next contends that the court erred in entering judgment for plaintiff because the action was not commenced within six months from the completion of the improvement, as provided for in the Kansas Section 60–1414. Defendant's brief states: "The first and only completed service on the defendant here was on January 9, 1962, more than six months after the completion of the improvement."

■ Defendant bases its argument upon Sect. 60–308 G.S.Kan.1949, which provides that "an action shall be deemed commenced * * * as to each defendant, at the date of the summons which is served on him." That section has no application to this case, as the *lex fori,* or Missouri law as to matters of procedure governs. Robinson v. Gaines, Mo.Sup., 331 S.W.2d 653; State of Kansas ex rel. Winkle Terra Cotta Co. v. United States Fidelity & Guaranty Co., 322 Mo. 121, 14 S.W.2d 576 and Neve v. Reliance Ins. Co. of Philadelphia, Mo.App., 357 S.W.2d 247.

■ In Missouri an action is commenced by filing in the office of the Clerk of the proper court a petition, setting forth the plaintiff's cause of action and the remedy sought, and suing out thereon a writ of summons against the person of defendant. The transcript discloses that the ac-

tion was brought within six months as provided in the Kansas Section 60–1414. The evidence shows that the completion date of the project was June 20, 1961. Suit was commenced by the filing of the petition and suing out summons thereon on October 13, 1961. Civil Rule 53.01; Continental Elec. Co. v. Ebco, Incorporated, Mo.Sup., 375 S.W.2d 134, 137.

Defendant also contends that the court erred in allowing attorneys fees because they were barred by the Kansas Statute of Limitations and, "in any event the failure to pay the claim by defendant was not vexatious for it had a good defense to the suit."

Plaintiff's claim for attorneys' fees was brought under Sect. 40–256 G.S.Kan.1949, as amended. That section reads " * * * If it appear from the evidence that such company * * * has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected *as a part of the costs.*" (Emphasis ours)

Plaintiff's first petition actually asks for the recovery of "its costs". Therefore, it would seem that under Kansas law the initial petition was sufficient to have warranted an award of attorneys' fees.

It appears that under Kansas law a formal claim for allowance of attorneys fees is not necessary. The statute reads that, "if, it appear from the evidence" that there has been a refusal to pay without just cause or excuse then "the court in rendering such judgment shall allow the plaintiff a reasonable * * * attorney's fee * * *." It is thus plain that under Kansas law it is within the Court's discretion, when it appears from the evidence that the refusal to pay the loss without just cause, to allow attorney's fees. And, in the instant case, there was no evidence to support the abstract statements which defendant makes in its brief about a "bona

fide dispute" and a "good defense on both the law and facts."

The case of Russell v. Phoenix Assurance Co. of New York, 188 Kan. 424, 362 P.2d 430, decided in 1961, was an action for recovery of money on a contractor's statutory bond provided pursuant to Section 60–1413 G.S.Kansas 1949. The plaintiff had filed a bill of particulars in a Justice of the Peace Court on the bond and from a judgment in his favor, the defendant appealed to the District Court and eventually to the Kansas Supreme Court. The case went to trial in the District Court on the bill of particulars and *no other pleading was filed.* The trial court found the insurance bonding company was justly indebted for which it had refused without cause or excuse to pay. The court found that therefore the plaintiff should recover an attorneys' fee as part of the costs. The Supreme Court of Kansas found that attorneys' fees were properly allowed under the provisions of Section 40–256 G.S.Kansas 1949, as amended and affirmed, citing in support of its holding the cases of Allen v. Hartford Fire Ins. Co., 187 Kan. 728, 359 P.2d 829; Ferrellgas Corp. v. Phoenix Ins. Co., 187 Kan. 530, 534, 385 P.2d 786, and Humfeld v. Pyramid Life Ins. Co., 187 Kan. 231–235, 356 P.2d 668.

In Wolf v. Mutual Benefit Health & Accident Ass'n, 188 Kan. 694, 366 P.2d 219, another case decided in 1961, is found a thorough discussion of the allowance of attorneys' fee under Section 40–256 as amended. The defendants in that case contended on appeal that the awarding of attorneys' fees was improper where a satisfactory settlement had been reached before judgment. The Court in this case said 1. c. 704, 1. c. 227 of 366 P.2d:

"Whether an insurance company has refused without just cause or excuse to pay in accordance with the terms of a policy is an *independent* issue, the evidence produced to determine this issue need not be at a hearing on the merits of the controversy or coincide with evi-

# 725

dence produced at such hearing." (Emphasis added)

That was a trial solely on the question of attorneys' fee under Section 40–256 G.S.Kansas, as amended. It is thus clear beyond question that the statute of limitations provided in the section public works bonds has no application to the allowance of attorneys' fees under Section 40–256 G.S. Kansas 1949, as amended. In Humfeld v. Pyramid Life Ins. Co., 187 Kan. 231, 356 P.2d 668, also decided in 1961, plaintiff was awarded attorneys' fees for a post-trial motion that was obviously not filed with the original petition. This case, along with the *Russell* and *Wolf* cases illustrates that the judge has the discretionary power to award attorneys' fees whenever the evidence, in his opinion, warrants it and that the determination of such is an independent issue apart from the merits of the controversy in question. It is thus clear that the trial Judge in the case at bar under Kansas law had the authority to award attorneys' fees pursuant to Section 40–256 G.S.Kansas 1949, as amended.

Plaintiff's claim for interest is made under Section 16–201 G.S.Kan.1949, which provides for the payment of "interest at the rate of six percent per annum, when no other rate of interest is agreed upon, for any money after it becomes due * * *." Interest which is due on a liquidated claim is, of course, but an incident to the principal. Mochar Sales Co. v. Meyer, Mo.Sup., 373 S.W.2d 911. Therefore, the amendment of the prayer on April 9, 1964, asking for interest under this section of the statute was not, as defendant claims, the statement of a new cause of action, but was merely a part of the damages sought. The initial filing of the suit would toll the statute of limitations so far as the claim for non-payment of this particular amount was concerned, and any amendment referring merely to the amount of damages and not adding new and separate claims sought by plaintiff could properly be made at any time pursuant

to Civil Rule 55.53, once leave of court was obtained. Ford v. American Brake Shoe Co., Mo.App., 252 S.W.2d 649.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

All concur.