FILED 100
Mr. Lawrence Graham, Director Department of Social Services Broadway State Office Building Jefferson City, Missouri 65101
Dear Mr. Graham:
This is in reply to your recent request for an opinion of this office which reads as follows:
 "May the Division of Corrections through its treasurer, deposit in one savings account with a bank all individual inmates' personal funds and use the interest paid thereon to offset or pay for any costs involved and the remainder of the interest deposited in the inmate canteen fund. No interest will be credited or paid to any individual account."
In order to answer this question it is necessary to discuss the manner in which personal funds of inmates are treated by Missouri statutes and by the accounting procedures of the Missouri Division of Corrections.
It is our understanding that inmates receive funds from essentially two sources. First, funds may be sent to an inmate for credit to his individual account at the prison from sources outside the institution. Second, inmates receive compensation in the form of earnings from the state for the jobs which they perform inside the institution, and these funds are credited to their inmate accounts.
Both Section 216.310, RSMo 1969 and Section 216.350, RSMo 1969, recognize the fact that personal property of an inmate within the custody of the institution must be returned to him. Section 216.340, RSMo 1969, states that an inmate may receive compensation for work performed inside an institution of the Division of Corrections. In addition, Section 216.345, RSMo 1969 recognizes the compensation described in Section 216.340 as the earnings of the individual inmate and directs the division of administration to place such earnings to the credit of the prisoner engaged in work at the institution.
It is our opinion that the above statutes recognize both the earnings of an inmate received from work inside the institution, and any personal funds received by an inmate from sources outside the institution, to be the personal property of the individual inmate to whose account such funds are posted by the treasurer of the Missouri Division of Corrections. Furthermore it seems apparent that the Division itself recognizes the credits posted to the various inmate accounts to be the personal property of the individual inmate.
In conversations with the treasurer of the Missouri Division of Corrections, the following information was received by this office relevant to the handling of inmate funds. Each inmate has a separate account in the treasurer's office which reflects all personal funds received by the inmate from sources both within and without the institution. Credits are posted to these individual accounts reflecting the personal funds of the inmate. A general account is maintained at a local bank described as the "Inmate Account Fund — Division of Corrections" in which the personal funds of the inmates are kept by the treasurer. This bank account contains only the personal funds of the inmates of the various institutions as reflected by the total credits posted to the inmate accounts maintained at the office of the treasurer of the Missouri Division of Corrections. The total amount of the credits to the various inmate accounts maintained by the treasurer is the same as the total amount reflected in the "Inmate Account Fund" at the bank.
The above procedure makes it clear that the Division of Corrections treats the credits posted to the individual inmate accounts, the total of which is reflected by the deposited in the bank account, as the personal property of the individual inmate. Of course, the use of these funds is restricted to an extent by the various institutional rules but as a general proposition they are considered to be the personal property of the inmate.
Since the principal amount in the bank account entitled "Inmate Account Fund — Division of Corrections" reflects the sum total of the personal funds of each individual prisoner as stated in his institutional inmate account, it is our opinion that it would not be permissible for the Division of Corrections to use interest generated by such a bank account to pay for the maintenance cost thereof or to deposit the interest in a general inmate canteen fund.
Interest is merely incident to the principal and it is considered to have the same ownership as the principal by which it is produced. See Mochar Sales Company v. Meyer, 373 S.W.2d 911
(Mo. 1963); 5A Michie, Banks and Banking, § 94 (1973); 47C.J.S. Interest, § 9 (1946); 45 Am.Jur.2d Interest and Usury § 39 (1969). As stated by the court in State of Kansasex rel. American Steel Works v. Hartford Accident IndemnityCompany, 426 S.W.2d 720 (K.C.Mo.App. 1968):
 ". . . Interest which is due on a liquidated claim is, of course, but an incident to the principal. . . ." Id. at 725
The individual inmate is entitled to that portion of the bank account which corresponds with the amount posted to his inmate account maintained by the treasurer of the Missouri Division of Corrections within the institution. Since the principal sum of the bank account merely reflects the total amount of the inmate accounts maintained within the institution, and is considered the personal property of the individual inmate, the interest generated therefrom would have to inure the benefit of the individual inmate and not to the Division of Corrections. See Laughlin v. Boatmen's Nat. Bank of St. Louis, 189 S.W.2d 974
(Mo. 1945).
CONCLUSION
It is, therefore, the opinion of this office that the Division of Corrections may not deposit the personal funds of inmates in a savings account in a bank and then use the interest generated therefrom to pay the maintenance costs of such an account and to deposit the remainder in an inmate canteen fund.
The foregoing opinion, which I hereby approve, was prepared by my assistant, William F. Arnet.
very truly yours,
 JOHN C. DANFORTH Attorney General