In October 1985, plaintiff filed suit against Fidelity and Casualty Company of New York seeking damages under a policy of insurance for hidden insect or vermin damage. Defendant filed an answer denying coverage. A non-jury trial was held on June 13, 1986. The court entered an order finding coverage for the termite damage and entering judgment against the defendant in the amount of $3,554.24 plus all costs. Defendant appeals from this order, and we affirm.
Appellant contends that the lower court erred in finding coverage for the termite damage under the policy of insurance involved. The policy in question reads in pertinent part as follows:
 "Collapse. We insure for risk of direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:
 "a. Perils Insured Against in Coverage C — Personal Property. These perils apply to covered building and personal property for loss insured by this Additional Coverage;
"b. hidden decay;
"c. hidden insect or vermin damage;
". . . . *Page 871 
 "Collapse does not include settling, cracking, shrinking, bulging or expansion.
 "This coverage does not increase the limit of liability applying to the damaged covered property."
The evidence in this case is undisputed that the residential dwelling in question suffered physical damage resulting from termites during the term of the policy. There was testimony from a contractor that the staircase and surrounding area had fallen in about eight inches away from the primary walls and all perimeter seals in the house that were the main body of support were damaged. He testified that the structural integrity of the house was severely damaged. Testimony was received that parts of the house would not support the weight of a person. In light of this evidence and within the context of the homeowners policy, the trial court noted that it would be illogical to require persons or objects to fall through such termite damaged areas before coverage would attach.
Appellant asserts that there was no proof of a collapse as defined under the policy and urges this court to adopt the construction of the word collapse as in the case of CentralMutual Insurance Co. v. Royal, 269 Ala. 372, 113 So.2d 680
(1959).
The Royal court said that collapse of a building required "a complete falling in, loss of shape, or reduction to a flattened form or rubble." The holding there, true to the facts in that case, was that there were cracks in the walls and cracks in the concrete footings, but there was no collapse of the building or any part thereof.
Thus, a close reading of Royal leads us to conclude that the trial court correctly found the instant case factually distinguishable from Royal in that in Royal no part of the building fell down or caved in whereas here the stairway and surrounding area had fallen in some eight inches from the primary walls, and further that the termite damage of the perimeter seals which supported the main floor structure were eaten away by termites, causing the floor to fall about eight inches toward the middle of the house. While this insect damage did not reduce the house to flattened form or rubble, it nevertheless constituted a sufficient and actual collapse of some parts of the house, thereby destroying the structural integrity of the building.
Our review of cases in which evidence was given ore tenus is limited. We review the judgment of the trial court with a presumption of correctness and will not reverse on appeal except for abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App. 1985).
We cannot say that the trial court abused its discretion or erred in rendering judgment.
This case is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.