Baker v. Whitley

JERRY L. BAKER v. HENRY HARPER WHITLEY, JR. AND FARMERS COUNTY MUTUAL FIRE INSURANCE COMPANY, INC.

No. 8711DC268

(Filed 17 November 1987)

Insurance § 143— homeowner's insurance—"collapse" provision—cabinet becoming unhinged from wall

A provision of a homeowner's policy covering loss caused by "collapse of the building or any part of the building" did not apply to loss caused when a kitchen cabinet became partly unhinged from a wall and tilted forward, and glassware fell from the cabinet and broke.

APPEAL by defendant from *McCormick, Judge.* Judgment entered 29 October 1986 in District Court, JOHNSTON County. Heard in the Court of Appeals on 1 October 1987.

*W. Richard Moore for plaintiff appellee.*

*Mast, Tew, Morris, Hudson, and Schulz, P.A., by George B. Mast and Bradley N. Schulz for defendant appellant.*

BECTON, Judge.

Plaintiff Jerry L. Baker brought this action against defendants Henry Harper Whitley, Jr., and Farmers County Mutual Fire Insurance Company, Inc. to recover insurance benefits under a home fire insurance policy. A jury returned a verdict for plaintiff in the amount of $1,300.00. Defendant appeals. We reverse.

Plaintiff acquired an insurance policy from defendant in February 1985 which covered specified damages to his residence and/or its contents. In June 1985 a wall of the plaintiff's home was damaged when a built-in kitchen cabinet became partly unhinged from the wall, causing the cabinet to drop several inches, tilt forward, then come to rest on a window sill. The contents of the cabinet, which included china, crystal, glassware and other ceramics, fell onto a table and floor and shattered. Plaintiff filed a claim with defendant seeking payment for the losses under the "collapse" provision of his insurance policy. Although the policy did not define the term collapse, the policy provided insurance "against direct physical loss to covered property caused by the following perils:

\*  \*  \*

13. Collapse of the building or any part of the building (collapse does not include settling, cracking, shrinking, bulging or expanding). Unless the damage is directly caused by the collapse of the building, this does not cover loss: (a) to outdoor awnings or canopies, including their supports; (b) to outdoor equipment not permanently installed; or (c) to any structures (other than buildings, carports, or mobile homes) such as swimming pools, retained walls, fences, septic tanks, piers, wharves, foundations, patios, and paved areas."

Defendant denied plaintiff's claim, and plaintiff brought this action. A jury entered a verdict for plaintiff. Defendant makes nine assignments of error, the first two of which relate to the trial judge's failure to enter judgment in its favor as a matter of law. Defendant moved for a directed verdict at the close of plaintiff's evidence and renewed its motion at the close of all the evidence. Defendant argues that no reasonable construction of its "collapse provision" would permit coverage of the damage sustained by plaintiff. We must agree.

When interpreting contracts, words will be given their common ordinary meaning unless the agreement requires otherwise. We have not been referred to any North Carolina cases, and we have found none, in which the term collapse has been defined. However, defendant refers to two definitions of the term from other jurisdictions. Under one view, collapse denotes falling, reduction to flattened form or rubble. *See Central Mutual Ins. Co. v. Royal,* 269 Ala. 372, 113 So. 2d 680 (1959); *Higgins v. Conn. Fire Ins. Co.,* 163 Colo. 292, 430 P. 2d 479 (1967); *Northwestern Mut. Ins. Co. v. Bankers Union Life Ins. Co.,* 485 P. 2d 908 (Colo. App. 1971). Under a second view, collapse denotes settling, cracking, or the like which materially impairs basic structure or substantial integrity of a building. *See Rogers v. Maryland Casualty Co.,* 252 Iowa 1096, 109 N.W. 2d 435 (1961); *Allen v. Hartford Fire Ins. Co.,* 187 Kan. 728, 359 P. 2d 829 (1961); *Krug v. Miller's Mut. Ins. Assoc.,* 209 Kan. 111, 495 P. 2d 949 (1972). In addition, defendant referred us to several dictionary definitions of collapse, including the *Webster's New Collegiate Dictionary* (1977) which defines collapse as:

"(1) to break down completely; (2) to fall or come together abruptly and completely; fall into a jumbled or flattened mass . . .; (3) to cave in."

The evidence in the instant case does not satisfy any of these definitions. At most, plaintiff's cabinet became unhinged from the wall. The wall remained intact. Defendant was entitled to judgment as a matter of law.

Because of our disposition of the first two assignments of error, we need not and do not address defendant's remaining assignments of error.

Judgment is reversed.

Judges JOHNSON and PARKER concur.