ROY LYNN THOMASSON v. GRAIN DEALERS MUTUAL INSURANCE COMPANY v. JOHNNIE M. TILLEY, D/B/A JOHNNIE M. TILLEY PEST CONTROL SERVICE, COCKERHAM PEST CONTROL COMPANY

No. 9017SC1003

(Filed 16 July 1991)

**Insurance § 143 (NCI3d) — homeowners insurance — collapse provision — termite damage**

The term "collapse" in a homeowners insurance policy was ambiguous as applied to "hidden insect and vermin damage" and did not require a falling or reduction to a flattened form or rubble. Therefore, plaintiff's forecast of evidence that some of the floors of his house have sagged from one to two inches because of termite damage was sufficient to present a material issue of fact for the jury in an action to recover under the collapse provision of the policy.

**Am Jur 2d, Insurance § 515.**

APPEAL by plaintiff from order entered 17 July 1990 by *Judge W. Douglas Albright* in SURRY County Superior Court. Heard in the Court of Appeals 10 April 1991.

This case concerns interpretation of a homeowners insurance policy. Plaintiff purchased a homeowners insurance policy from Grain Dealers Mutual Insurance Company to cover a residence he owns and occupies in Elkin. Plaintiff contends that termites have substantially damaged the house's superstructure. Evidence indicates that some of the floors in the house have sagged from one to two inches because of the termite damage. Plaintiff filed a claim with Grain Dealers Mutual which contends that it is not obligated to pay under the policy. At issue is the following provision:

8. Collapse. We insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following:

a. Perils Insured Against in Coverage C — Personal Property. These perils apply to covered building and personal property for loss insured by this additional coverage;

b. hidden decay;

c. hidden insect or vermin damage;

d. weight of contents, equipment, animals or people;

e. weight of rain which collects on a roof; or

f. use of defective material or methods in construction, remodeling or renovation if the collapse occurs during the course of the construction, remodeling or renovation.

. . . .

Collapse does not include settling, cracking, shrinking, bulging or expansion.

The trial court granted summary judgment for the defendant. Plaintiff appeals.

*Franklin Smith for plaintiff-appellant.*

*Everett & Everett, by James A. Everett, for defendant-appellee Grain Dealers Mutual Insurance Company.*

EAGLES, Judge.

The issue in this case is whether the term "collapse" used in paragraph 8 on page 5 of the insurance policy is ambiguous and accordingly whether the trial court erred in granting summary judgment for the defendant. Plaintiff contends that the term is ambiguous while the defendant argues that "collapse" is unambiguous and means "a falling or reduction to a flattened form or rubble." On this record, we hold that the word "collapse" is ambiguous. Accordingly, we reverse the trial court's order granting summary judgment for defendant.

Plaintiff contends that the policy is ambiguous because it first purports to provide coverage for hidden decay and hidden insect and vermin damage and then attempts to require that the house fall in completely before coverage is available. As it applies to hidden insect or vermin damage, we agree that the term "collapse" is ambiguous. We note that when construing an insurance policy "[t]he various terms of the policy are to be harmoniously construed, and if possible, every word and every provision is to be given effect." *Woods v. Nationwide Mutual Insurance Co.*, 295 N.C. 500, 506, 246 S.E.2d 773, 777 (1978). To require that the house fall in completely would make the provision of coverage for "hidden" decay and damage illusory.

THOMASSON v. GRAIN DEALERS MUT. INS. CO.

[103 N.C. App. 475 (1991)]

Defendant contends that *Baker v. Whitley*, 87 N.C. App. 619, 361 S.E.2d 766 (1987), is factually analogous to this case and that there this Court "adopted the definition of the word 'collapse' from the 1977 edition of *Webster's New Collegiate Dictionary*." We find defendant's reliance on *Baker v. Whitley* unpersuasive. In *Baker* an insured sued his insurance company under the collapse provisions of his insurance policy for damages that resulted when a kitchen cabinet became unhinged from the wall and the contents of the cabinet fell to the floor and broke. In the *Baker* opinion this Court noted that the defendant cited definitions of the term "collapse" from other jurisdictions and several dictionary definitions of "collapse" including the definition from *Webster's New Collegiate Dictionary* (1977). The *Baker* court did not adopt a definition of "collapse." It held only that the evidence presented did not satisfy any definition of "collapse" and that defendant was entitled to judgment as a matter of law.

Here, defendant cites two cases from other jurisdictions that have held that the term "collapse" in an insurance policy was unambiguous and that the term meant "a falling or reduction to a flattened form or rubble." *Williams v. State Farm Fire and Casualty Co.*, 514 S.W.2d 856 (Mo. App. 1974); *Central Mutual Insurance Co. v. Royal*, 269 Ala. 372, 113 So.2d 680 (1959). However, our research disclosed that

> courts have taken divergent views as to the meaning of "collapse."
>
> Thus some courts have adopted the view that as used in a provision of this type, the term "collapse" is unambiguous in denoting a falling in, loss of shape, or reduction to flattened form or rubble. . . . On the other hand, even where so qualified by exclusion, some courts have taken the more liberal view that the term "collapse" encompasses more than a reduction to rubble and includes conditions which materially impair the basic structure or substantial integrity of the insured building or a part thereof.

Annotation, Insurance Coverage — "Collapse" of Building, 71 ALR3d 1072, 1077 (1976). Additionally, this Court in *Baker v. Whitley*, 87 N.C. App. 619, 361 S.E.2d 766 (1987), noted that two views had developed in other jurisdictions and that no previous North Carolina case has defined the term "collapse."

THOMASSON v. GRAIN DEALERS MUT. INS. CO.

[103 N.C. App. 475 (1991)]

In *Fidelity and Casualty Co. v. Mitchell*, 503 So.2d 870 (Ala. Civ. App. 1987), the Alabama Court of Civil Appeals decided a case that is factually virtually identical to the instant case. There the insureds tried to collect for termite damage under a provision in their insurance policy that is identical to the language at issue here. The court held that evidence that a stairway had fallen eight inches from the surrounding walls and that the floor had fallen eight inches toward the middle of the house constituted a collapse within the meaning of the insurance policy. Additionally, the *Mitchell* court distinguished *Central Mutual Insurance Co. v. Royal*, 269 Ala. 372, 113 So.2d 680 (1959), on which defendant relies. The *Mitchell* court noted that in *Royal* "there were cracks in the walls and cracks in the concrete footings, but there was no collapse of the building or any part thereof." The *Mitchell* court went on to say that "[w]hile this insect damage did not reduce the house to flattened form or rubble, it nevertheless constituted a sufficient and actual collapse of some parts of the house, thereby destroying the structural integrity of the building."

The Supreme Court has said, "Any ambiguity in the policy language must be resolved against the insurance company and in favor of the insured. A difference of judicial opinion regarding proper construction of policy language is some evidence calling for application of this rule." *Brown v. Lumbermens Mutual Casualty Co.*, 326 N.C. 387, 392, 390 S.E.2d 150, 153 (1990) (citations omitted). We think that the fact that courts in various jurisdictions have not agreed on what constitutes a collapse is some evidence that the term is ambiguous.

For the reasons stated, the order of the trial court is reversed and the case is remanded for trial.

Reversed and remanded.

Chief Judge HEDRICK and Judge WELLS concur.