**JERRY'S SUPERMARKETS, INC.**

v.

**RUMFORD PROPERTY AND LIABILITY INSURANCE COMPANY, et al.**

**No. 89–225–Appeal.**

Supreme Court of Rhode Island.

Feb. 14, 1991.

Richard E. Fleury, Warwick, for plaintiff.

Michael Mulcahy, Lipsey & Skolnik, Ltd., Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on an appeal by the defendant Rumford Property and Liability Insurance Company (Rumford) from a summary judgment issued in favor of the plaintiff, Jerry's Supermarkets, Inc., for losses arising out of food spoilage caused by loss of power due to a windstorm generated by Hurricane Gloria on September 27, 1985. The policy issued by Rumford was a multiperil policy that included the contents of Jerry's Supermarkets. It is undisputed that as a result of Hurricane Gloria there was a loss of electrical power in the areas where Jerry's Supermarkets were located both in Coventry and in West Warwick. It is also undisputed that the financial loss incurred by Jerry's Supermarkets was in the amount of $140,000. A justice of the Superior Court issued partial summary judgment on the issue of liability, and the parties agreed to enter judgment for the amount of the loss,

reserving the right of appeal on the issue of liability.

Rumford's defense is based upon an exclusion set forth in Section VI, paragraph B on page 3 of the endorsement, which reads as follows:

"This policy does not insure under this form against loss caused directly or indirectly by the interruption of power or other utility service furnished to the designated premises if the interruption takes place away from the designated premises. If a peril insured against ensues on the designated premises, this Company will pay only for loss caused by the ensuing peril."

This exclusion was found to be ambiguous by the trial justice, and therefore, he construed it against Rumford in accordance with the general rule that if the language of an insurance policy is susceptible of more than one reasonable interpretation, it is strictly construed against the insurer. *Pressman v. Aetna Casualty & Surety Co.*, 574 A.2d 757 (R.I.1990); *Mullins v. Federal Dairy Co.*, 568 A.2d 759 (R.I.1990); *Goucher v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 672, 324 A.2d 657 (1974).

In *Pressman* we considered a similar exclusion to that advanced in the case at bar. We observed that in effect this exclusion would preclude coverage in almost any circumstances unless the insured had his or its own generator located inside the building. We asserted that this result would be unconscionable. It would render the multiperil coverage in respect to power interruption illusory.

We further held that the terms should be read in the same sense that the insurer had reason to believe would be the way they would be interpreted by the ordinary reader and purchaser. *Pressman*, 574 A.2d at 760.

In the case at bar, Jerry's Supermarkets had reason to believe that it was purchasing a multiperil contract of insurance that would cover the contents of its buildings in the event of a hurricane or severe windstorm. There is no question that the interruption of power for several days was caused by Hurricane Gloria. As a result of the hurricane this power interruption lasted from September 27 to October 2, 1985. If the power-interruption clause were to be construed as applicable only to interruption caused on the premises insured, this would bring us to the same result condemned in *Pressman*. Moreover, in the case at bar there is coverage for an ensuing peril. An ensuing peril is one that occurs subsequent to a momentary power interruption. We are of the opinion that the food spoilage in this case was caused not by a momentary interruption in power but by the protracted inability to restore power due to the severity of the hurricane damage.

Consequently, in accordance with *Pressman,* we believe that the ordinary reader and purchaser of a policy would interpret the entire contract and this exclusion to mean that it would be covered against the type of loss encountered here.

For the reasons stated, Rumford's appeal is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.