**JERRY'S SUPERMARKETS, INC.**

v.

**RHODE ISLAND INSURERS' INSOLVENCY FUND.**

No. 96-32-Appeal.

Supreme Court of Rhode Island.

March 19, 1997.

Richard E. Fleury, Warwick.

Thomas C. Angelone, Providence, Elizabeth A. Kelleher, East Greenwich, Joseph Tanski, Joseph Marrow, Boston, MA.

**ORDER**

This case came before the Supreme Court on March 3, 1997, pursuant to an order that directed the plaintiff, Jerry's Supermarkets, Inc., and the defendant, the Rhode Island Insurers' Insolvency Fund (insolvency fund), to show cause why the issue raised in this appeal should not be summarily decided. The plaintiff has appealed an order of the Superior Court granting summary judgment for the defendant.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

In 1985, plaintiff suffered losses from food spoilage that occurred during an extended power outage caused by Hurricane Gloria. The plaintiff filed suit against its insurer, Rumford Property and Liability Insurance Company (Rumford), under a multiperil policy and obtained a judgment of $140,000, from which Rumford appealed. On June 18, 1990, Rumford was decreed insolvent, and thereafter the insolvency fund took over the appeal. On February 14, 1991, this Court affirmed the Superior Court's determination that Rumford was liable under the multiperil policy. *Jerry's Supermarkets, Inc. v. Rumford Property and Liability Insurance Co.,* 586 A.2d 539 (R.I.1991). The insolvency fund paid plaintiff $140,000 on March 7, 1991, but refused to pay statutory interest. The plaintiff then filed a complaint seeking payment of

interest, and on November 27, 1995, the Superior Court granted the insolvency fund's motion for summary judgment on the ground that the fund was not liable for statutory interest.

On appeal, plaintiff argued that the insolvency fund is liable for statutory interest under the Rhode Island Insurers' Insolvency Fund Act (act), chapter 34 of title 27. The plaintiff pointed out that the insolvency fund shall be *"deemed the insurer* to the extent of its obligation on the covered claims and to such extent shall have all rights, duties and *obligations* of the insolvent insurer *as if the insurer had not become insolvent."* § 27–34–8(2) (Emphasis added). The plaintiff further noted that two purposes of the act are to "avoid excessive delay in payment and to avoid financial loss to claimants or policyholders because of the insolvency of an insurer," § 27–34–2, and further that the act provides that it shall be "liberally construed" to effectuate these purposes, § 27–34–4. According to plaintiff, a liberal construction of the act would require the insolvency fund to pay statutory interest on a wrongfully denied covered claim because the insurer would have been so obligated.

The insolvency fund responded that it is obligated under the act to pay only a covered claim, defined as an unpaid claim "which arises out of and is within the coverage and subject to the applicable limits of an insurance policy to which this chapter applies." § 27–34–5(8). According to the fund, pre- and postjudgment interest arise from statute, not from the policy's coverage, and hence do not fall within the act's definition of covered claims.[1]

We are of the opinion that the purposes of the act will best be effectuated by ensuring that the insolvency fund discharges its obligations in a timely fashion. The purposes of the act would not be served, however, by requiring the insolvency fund to pay statutory interest accrued during the period prior to the fund's decision to pursue the appeal

because the fund had no control over the insurer's actions prior to its insolvency and therefore should not be held accountable for delays attributable to the insurer.

It is our conclusion that the insolvency fund is obligated to pay statutory interest on the judgment against Rumford for the period beginning [2] with the fund's assumption of Rumford's appeal of the Superior Court's judgment until March 7, 1991, the date the fund paid the $140,000 judgment. At the time the fund took over the appeal, the claim had been reduced to judgment and thus became a covered claim. At that point, the fund stood in the shoes of the insolvent insurer.

For these reasons, we affirm in part and reverse in part the judgment of the Superior Court and remand this case for a determination of interest consistent with this order.

---

1. The insolvency fund acknowledged that payment of statutory interest to a third-party claimant may fall within a policy's coverage when the insured would otherwise be liable for such interest. The claimant in this case, however, was the insured.

2. If the parties are unable to agree on the date the fund assumed the appeal, an evidentiary hearing may be required.