**CNA FINANCIAL CORPORATION d.b.a CNA Insurance Co.**

v.

**Louis P. ALFANO, Jr.**

**No. 97–475–Appeal.**

Supreme Court of Rhode Island.

June 11, 1998.

Barry J. Kuainitz for Plaintiff.

Jessica L. Papazian–Ross, Providence, for Defendant.

Before WEISBERGER, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

Is the adult, married son of an insured father still a "family member" of the father within the meaning of that term as it is used in the father's marine-insurance-liability policy? A Superior Court motion justice answered this question in the affirmative and so do we. Accordingly, for the reasons explained below, we affirm the Superior Court's summary judgment in favor of the plaintiff insurance company.

**Facts and Travel**

On July 11, 1993, the defendant-father, Louis P. Alfano, Jr. (father), was operating his twenty-four-foot Chaparrel Runabout ski boat in the waters of Narragansett Bay near Bristol. His forty-three-year-old son, Joseph P. Alfano (son), leapt overboard to water ski only to be gored by the craft's propeller soon after hitting the water. The son later filed suit against his father in the Superior Court to recover for the grievous personal injuries he sustained in this unfortunate misadven-

ture.[1] When the boating accident occurred, the son had been married for twenty-six years. Indeed, he and his wife had maintained a household separate and apart from his father's for nearly twenty-five of those years.

In a separate Superior Court action the father's marine-insurance carrier, plaintiff, CNA Financial Corporation d.b.a. CNA Insurance Company (CNA), sought a declaration that its liability for the son's injuries in that other lawsuit should be limited to no more than $25,000 under the particular marine-insurance policy it had issued covering the father's vessel. This declaratory-judgment action came before a motion justice of the Superior Court on cross-motions for summary judgment and on undisputed facts. Each party asked the motion justice to rule on whether the language of the father's insurance policy limiting CNA's liability to $25,000 for claims brought by "any family member(s)" applied to a personal-injury claim filed by a son who was emancipated from his father and not living in the insured father's household at the time of the injury.[2]

The hearing justice determined that the policy language in question was unambiguous as applied to the son in this case and that the policy clearly limited CNA's liability on any claim brought by the son against the father to a maximum of $25,000. Accordingly, the court entered judgment for CNA on its complaint for declaratory relief. The son appealed, and both parties were ordered to show cause before a three-judge panel of this Court why the appeal should not be decided summarily. No cause having been shown, we proceed at this time to affirm the Superior Court's judgment.

## Analysis

The marine-insurance policy issued to the father and covering his runabout provided that "[CNA] will pay damages up to [$100,000] for any claim or suit covered under this policy for bodily injury or property damage for which any insured person becomes legally liable through the ownership, maintenance or use of the insured boat." An additional clause, which lies at the heart of this legal tussle, limits CNA's liability to $25,000 per accident "for any claim or number of claims against an insured *by any family member(s).*" (Emphasis added.)

We agree with the motion justice that in the context of this particular policy the phrase "any family member(s)" unequivocally and unambiguously includes a natural son of the insured, whether or not the son is living in the insured's household at the time of the covered occurrence. The definitions page of the policy defines "insured person" as, inter alia, "a member of the insured's *immediate family* (including spouses and *children*)." (Emphases added.) Although we perceive that the policy's use of the terms "immediate family" and "any family member(s)" in different parts of the same document might give rise to an ambiguity in regard to the breadth of each term (for example, it might be argued that "immediate family" refers to one's nuclear family whereas "any family member(s)" additionally embraces those outside the nuclear family), as applied to the case at bar the term "any family member(s)"—whether coextensive with or broader than the term "immediate family"—is broad enough to include a father's biological son under any reasonable and plain-meaning construction of that term. Thus CNA's liability to the father arising from any claim brought against the father by the son is subject to the policy's $25,000 cap.

Any contrary interpretation that would engraft upon the term "any family member(s)" a requirement that the relative reside with the insured is unwarranted by the language

1. This father-son action remained pending in the Superior Court at the time of oral argument before this Court and is not the subject of this appeal.

2. Although the son asks this Court on appeal to decide that the "any family member(s)" policy language in question would not in any event extend to claims brought against his father by the son's wife and children, we decline to reach this issue as it was not brought to the attention of the motion justice below during the summary-judgment argument. *See* Super.R.Civ.P. 46; *Ludwig v. Kowal,* 419 A.2d 297, 302 (R.I.1980) (quoting 10 Charles A. Wright & Arthur A. Miller, *Federal Practice and Procedure: Civil* § 2740 (1973)) (appellant challenging a summary judgment may not "advance new theories or raise new issues in order to secure a reversal of the lower court's determination").

or the structure of the policy and would therefore be unreasonable. Absent any ambiguity in the policy's language as applied to the facts at issue, we decline to construe the disputed provision at odds with its plain meaning merely because in other contexts the term could be defined more narrowly and limited just to household residents. *Compare Martinelli v. Travelers Insurance Companies,* 687 A.2d 443, 445 (R.I.1996) (ambiguous provisions to be construed in favor of insured) *with Campbell v. Norfolk & Dedham Mutual Fire Insurance Co.,* 682 A.2d 933, 935 (R.I.1996) (unambiguous policy language will be given its plain, ordinary, and usual meaning).

## Conclusion

Accordingly the defendant's appeal is denied, and the summary judgment below is affirmed.

LEDERBERG and GOLDBERG, JJ., did not participate.