362 So.2d 176 (1978)
AUTO OWNERS INSURANCE COMPANY, Appellant,
v.
Robert ALLEN and Diane Kay Allen, Appellees.
No. 78-604.
District Court of Appeal of Florida, Second District.
September 15, 1978.
Edward E. Fessenden, Jr. of Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellant.
R. Scott Bunn of Straughn, Sharit, Bunn & Chilton, Winter Haven, for appellees.
BOARDMAN, Acting Chief Judge.
Appellees/plaintiffs Robert and Diane Kay Allen owned a motel which was covered by a policy of insurance issued by appellant/defendant Auto Owners Insurance Company. The motel was of concrete block construction.
While a trench was being dug next to the back wall of the motel in order to lay sewer pipe, sandy soil fell away from the footings supporting the wall. Appellant denied coverage under its policy for the resulting damage. The issue on this appeal is whether there was coverage under the following language contained in the policy of insurance:
Collapse: Loss by collapse shall mean only the collapse of the building or any part thereof. The Company shall not be liable as respects this peril for loss:
......
2. by settling, cracking, shrinkage, bulging or expansion of pavements, patios, foundations, walls, floors, roofs, or ceilings;
all except as a direct result of the collapse of a building.
It is undisputed that the concrete blocks in the wall separated, a condition which appellant describes as "cracks." It is also undisputed that the wall bulged outward and away from the concrete slab floor. Appellant contends that there was settling, cracking, and bulging within the meaning of the exclusionary language of the policy. Appellees contend that there was a "collapse." Appellees rely on an affidavit of an independent expert submitted in support of their motion for partial summary judgment, which described the damage. He stated that one exterior wall of the building had *177 collapsed and a second was leaning out from the interior wall a significant distance. It was his opinion that the roof was kept from immediately falling only by resting on the interior walls and that "the function of the wall and building (including the function of supporting the superstructure) was impaired and the total building ... was in imminent danger of falling further."
The trial judge ruled that the motel wall had collapsed and that there was no issue as to that fact. He then entered a partial summary judgment for plaintiffs on the issue of liability. This interlocutory appeal followed.
The parameters of the degree or nature of damage which will constitute a collapse under a policy provision such as the one at issue in the case before us has not yet been treated by an appellate court opinion in Florida. There are, however, numerous cases in other jurisdictions which have done so, and there is a split of opinion among them. See Annot., 11 A.L.R.3d 1072 (1967). We agree with those jurisdictions which have concluded that a policy similar to the one at issue here provides coverage for a building which has suffered material or substantial impairment of its basic structure.[1] We recognize that this is the minority position but think it is the better view.
It is appellant's contention that the exclusion of loss "by settling, cracking, shrinkage, bulging or expansion" was specifically designed to avoid ambiguity so as to limit its liability to loss occasioned by a building, or any part of it, which has been reduced to a flattened form or rubble. We cannot accept this construction. If appellant had intended to limit its liability as it argues, it would have been a simple matter to include in the policy a restriction of coverage to a flattened form or rubble. Other than the exclusion for "settling, cracking, shrinkage, bulging or expansion" there is no attempt to define what a collapse is or is not. In fact, loss occasioned by "settling, cracking, shrinkage, bulging or expansion" will be covered if it was suffered as a result "of the collapse of a building."
The provision at issue here is clear in only one regard as to the meaning of collapse. Coverage is not provided for loss from "settling, cracking, shrinkage, bulging or expansion" which is occasioned by other than as a direct result of collapse of the building. The definition of collapse has not been limited by this restriction.
Our holding that collapse in this policy means material and substantial impairment of the basic structure of a building or a part of a building is based on the ambiguity of the term. See, e.g., Government Employees Insurance Co. v. DeJames, 256 Md. 717, 261 A.2d 747 (1970).[2] Because the provision is ambiguous, as we have explained, we must determine the intent of the parties to *178 the policy, and the policy will be construed in favor of the insured. The more reasonable construction of the term collapse is material and substantial impairment of its basic structure.
Accordingly, the ruling of the trial court is
AFFIRMED.
OTT, RYDER, JJ., concur.
NOTES
[1] We do not include the further qualification noted by cases such as Jenkins v. United States Fire Insurance Co., 185 Kan. 665, 347 P.2d 417 (1959) that the impairment rendered the building unhabitable, even though in this case the building was not habitable.
[2] insurance carrier] would have us say that as a matter of law the case should have been taken from the jury because "collapse" means "to break down completely: fall apart in confused disorganization: crumble into insignificance or nothingness: * * * to fall or shrink together abruptly and completely: fall into a jumbled or flattened mass through the force of external pressure: * * * to cave in, fall in, or give away: undergo ruin or destruction by or as if by falling down: * *," relying on the definition of "collapse" as a verb which is found in Webster's Third International Dictionary (1941) at 443, which the court made available to the jury with the concurrence of counsel.
But when used as a noun as it was in the ... policy, the same dictionary gives "collapse" a somewhat different connotation: "a breakdown in * * * strength * *: complete sudden enervation: sudden loss of accustomed abilities: * * * breakdown: sudden failure: disintegration, ruin, destruction: * * * sudden loss of force * *."
Government Employees Insurance Co. v. DeJames, 256 Md. 717, 721, 261 A.2d 747, 750 (1970).