**George HEINTZ, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.**

No. 52199.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 1987.

Motion for Rehearing and/or Transfer Denied June 2, 1987.

Norbert M. Reker, St. Louis, for appellant.

Funsch & Nussbaumer, Robert L. Nussbaumer, St. Louis, for respondent.

CRIST, Judge.

Summary judgment granted against appellant (insured) and in favor of respondent (insurance company) in insured's action to collect under his insurance policy for the alleged collapse of part of his home. We affirm.

Insured purchased a homeowner's policy which covered, as indicated in its amendatory endorsement:

Collapse. We insure for risk of direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following: ...

b. hidden decay;

c. hidden insect or vermin damage; ...

Collapse does not include settling, cracking, shrinking, bulging or expansion.

Insured filed a petition alleging the *walls* of his home were caused to collapse by reason of decay, and as a result of the collapse of the insured dwelling, insured was damaged. Insurance company filed a motion for summary judgment alleging there was no collapse of insured's home or any part thereof. The motion relied on

insured's deposition and on a supporting affidavit from insurance company's engineer, both of which indicated the walls of insured's home had not yet collapsed. Insured did not file a counter affidavit in response to the motion for summary judgment.

In his deposition, insured testified some of the studding, sheathing and lath in the east and west walls of his home had collapsed. He qualified his conclusion that the walls were collapsing, by stating there was a rotting, deterioration or wasting away of the studding, sheathing and lath and that while the walls had not collapsed, they probably would.

Insurance company's engineer stated insured's east and west walls had deteriorated for the full height of the walls; and if the deteriorated areas were not replaced, it was possible the home would collapse. But, as of his inspection, there had been no falling or collapsing of any of the walls.

Insured states there was a genuine question of fact as to whether there had been enough damage to the home that a collapse could have occurred. And, since the insurance policy also provided insured had a duty after a loss to "[p]rotect the property from further damage, make reasonable and necessary repairs required to protect the property," insured would never be able to recover.

There must have been a falling down or collapsing of a part of a building. A condition of impending collapse is insufficient. *Eaglestein v. Pacific Nat'l Fire Ins. Co.*, 377 S.W.2d 540, 542 (Mo.App.1964), and *Nugent v. General Ins. Co. of Am.*, 253 F.2d 800, 802 (8th Cir.1958). And, *see Williams v. State Farm Fire & Casualty Co.*, 514 S.W.2d 856, 859–860 (Mo.App. 1974) for a discussion of the law where similar insurance policy provisions were involved.

Although the decay of the interior supporting structure of the wall may lead to the collapse of the wall, insured admits the walls of his home have not yet collapsed. Without actual collapse there is no recovery under the insurance policy and no cause of action. The summary judgment for insurance company was correct.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.