ROYAL INDEMNITY COMPANY, Respondent, v MICHAEL GRUN-
BERG et al., Appellant.

Third Department, March 29, 1990

## APPEARANCES OF COUNSEL

*Eli B. Basch* for appellants.

*Bouck, Holloway, Kiernan & Casey (Jonathan B. Summers* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Defendants hired a contractor to construct a foundation and erect their two-story modular home. Plaintiff issued a comprehensive homeowners policy covering the premises. In September 1986, after the house, which is located on the side of a hill overlooking what appears to be a ravine, was placed upon its foundation, defendants discharged the first contractor and retained a second to complete the house. Shortly thereafter, defendants discovered that the east wall of the house (the hillside descends sharply from west to east) and the deck were seven inches out of plumb, the house precipitously tilted eastward, certain windows and doors would not open or close properly, numerous cracks had developed throughout the house including one four inches deep along the entire 48-foot length of the basement floor, and that the east foundation wall of the house dropped and began to bow outward. In the spring and summer of 1987, plaintiff and defendants, respectively, hired civil engineers who submitted reports indicating that substandard foundation materials, and improper methods of construction and site preparation caused the damage. Because the house was placed partly on landfill and partly on rock it settled differentially which caused bowing, bulging and cracking.

Defendants sought reimbursement from plaintiff for the repairs they made that were necessary to arrest the inevitable collapse of the structure; however, plaintiff denied their claim. Plaintiff then brought this action seeking a declaration that the loss defendants sustained was not covered by the policy. Supreme Court agreed with plaintiff, granted the latter's summary judgment motion and denied defendants' cross motion to dismiss the complaint. Defendants, on appeal, contend that plaintiff has not sustained its burden of establishing, as a matter of law, that the loss at issue falls within the scope of an insurance exclusion; we agree.

The language of the policy, which both parties urge upon the court as being dispositive, reads as follows:

*"Collapse Under Coverages A* [dwelling] *and B* [other structures]. [Plaintiff] insure[s] for direct physical loss to covered property involving collapse of a building or any part of a

building caused only by \* \* \* (f) Use of defective material or methods in construction \* \* \* if the collapse occurs during the course of the construction \* \* \*. Loss to [a] \* \* \* foundation \* \* \* is not included \* \* \* unless the loss is a direct result of the collapse of a building. Collapse does not include settling, cracking, shrinking, bulging or expansion. \* \* \*

"*SECTION 1—PERILS INSURED AGAINST* \* \* \* [Plaintiff] do[es] not insure loss: (1). Under Coverages A, B and C [personal property]: \* \* \* (b) caused by: \* \* \* (f) settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings".

The parties do not dispute that the damage occurred "during the course of the construction", nor do they contest that for the policy to provide coverage, defendants' losses must have been occasioned by a "collapse". At issue is the definition to be accorded the term "collapse", particularly whether an impending "collapse" must actually occur for an insured to recover under an insurance policy which requires him, "[i]n case of a loss to covered property \* \* \* [to] protect the property from further damage \* \* \* [and] make reasonable and necessary repairs to protect the property". We hold that it does not.

Even if the word collapse is indeed unambiguous, as plaintiff urges *(see,* 13A Couch, Insurance 2d § 48:178, at 184; *but cf., Government Employees Ins. Co. v DeJames,* 256 Md 717, 261 A2d 747, 749-752), the fact remains that determining whether a collapse has occurred rests largely on the degree of damage (13A Couch, Insurance 2d § 48:179, at 185). In the view of a numerical majority of American jurisdictions, a substantial impairment of the structural integrity of a building is said to be a collapse *(see, Beach v Middlesex Mut. Assur. Co.,* 205 Conn 246, 252, 532 A2d 1297, 1300 [and cases cited therein]). Plaintiff has not unequivocally established that defendants' residence did not suffer such an impairment, rendering summary judgment inappropriate. The uncontradicted record evidence is that the house was in imminent danger of caving in. Plaintiff's own expert appraiser opined that "if [defendant] failed to make any attempts to save his property, the building would ultimately have collapsed, for which coverage would have been afforded under the policy". Since the policy places an affirmative duty on the insured to maintain and repair all covered property in the event of any loss, covered or not, defendants are not to be deprived of reimbursement for money they expended to prevent the actual

collapse of their dwelling. A construction of the policy faulting them for doing so and triggering coverage only in the event their property was actually demolished or reduced to rubble would be unreasonable, to say the least (see, *Bailey v Hartford Fire Ins. Co.*, 565 F2d 826, 830).

And while there is a reference in the record that the nature of the collapse was known to defendants only "for a short while", a phrase which is otherwise unelaborated, whether the impending collapse was the product of an element of suddenness or slow deterioration (see, *Weiss v Home Ins. Co.*, 9 AD2d 598, 599; see, e.g., *Holy Angels Academy v Hartford Ins. Group*, 127 Misc 2d 1024, 1025) leaves still another material triable fact issue to be resolved at a plenary hearing.

Additionally we note that plaintiff alternatively requested summary judgment because of defendants' default in appearing in this action. As plaintiff has not pursued this issue on appeal, we deem it abandoned (see, *Lamphear v State*, 91 AD2d 791).

KANE, J. P., MIKOLL, MERCURE and HARVEY, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment; motion denied; and, as so modified, affirmed.