665 So.2d 1084 (1995)
ISLAND BREAKERS  a Condominium, Inc., a Florida Corporation, Appellant,
v.
HIGHLANDS UNDERWRITERS INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 94-1080.
District Court of Appeal of Florida, Third District.
December 13, 1995.
*1085 Rosenberg, Reisman & Stein; Cooper & Wolfe and Sharon L. Wolfe and Barbara A. Silverman, Miami, for appellant.
Parenti, Falk, Waas & Frazier and Gail Leverett Parenti, Coral Gables, for appellee.
Before BASKIN, COPE and LEVY, JJ.
PER CURIAM.
In view of the fact that the record reflects the existence of several areas of material facts that are in dispute, it was error for the trial court to grant the summary judgment under review herein. E.g., Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Specifically, the areas of material facts that are disputed by the parties include the nature, extent, and cause of the damage found in some of the balconies of the condominium building. Moreover, the parties also dispute the time at which the condominium association first became aware of the fact that there was a structural problem in some of the balconies.
Each of the foregoing factual disputes can only be resolved by the trier-of-fact. Furthermore, it will be necessary for the trier-of-fact to resolve these material factual issues before it can be determined, by either the trier-of-fact or the Court, which provision or provisions of the insurance contract govern the question of coverage as it relates to the appellants' damage claims for the various balconies. In addition, it is conceivable that the trier-of-fact might resolve the foregoing issues differently with respect to different balconies located within a particular building.
Accordingly, the summary judgment under review is reversed and this cause is remanded for further proceedings consistent herewith.
BASKIN and LEVY, JJ., concur.
COPE, Judge, concurring.
I concur. In my view there are two principal issues to be resolved on remand.
The condominium buildings at issue in this case were covered by a commercial all-risk property insurance policy. The policy contained an "Additional Coverage-Collapse" provision which states:
We will pay for loss or damage caused by or resulting from risks of direct physical loss involving collapse of a building or any part of a building caused only by one or more of the following: ... 2. Hidden decay; ... Collapse does not include settling, cracking, shrinkage, bulging or expansion.
In this case cracks developed in the concrete on certain exterior balconies. The cracks allowed water to intrude, causing severe rusting and expansion of the steel reinforcing bars. This expansion compromised the bond between the steel bars and concrete and caused the concrete to crack and break away. The insurer denied the Condominium Association's claim and this litigation followed.[1]
The threshold issue under this coverage is whether there has, in fact, been a "collapse" of one or more of the concrete balconies. For there to be a collapse, it is not necessary that the balcony fall off of the building. See Auto Owners Insurance Company v. Allen, 362 So.2d 176, 177-78 (Fla. 2d DCA 1978). It is necessary, however, that there be a *1086 substantial impairment of the structural integrity of the balcony. See Allstate Insurance Co. v. Forest Lynn Homeowners Association, 892 F. Supp. 1310, 1313-14 (W.D.Wash. 1995); Beach v. Middlesex Mutual Assurance Co., 205 Conn. 246, 252, 532 A.2d 1297, 1300 (1987); Auto Owners Insurance Co. v. Allen, 362 So.2d at 177-78; 13A Mark S. Rhodes, Couch on Insurance 2d §§ 48:179, 181 (rev. ed. 1982). Thus the threshold factual issue is which, if any, balconies experienced "collapse" for purposes of this policy provision.
The other principal factual issue is whether the decay which occurred in this case was "hidden." The insurer contends that it was not hidden, because there were visible cracks on the surface of the concrete balconies. The fact that the cracks were visible does not automatically mean, however, that the Condominium Association knew, or should have known, of the interior decay to the steel reinforcing bars. At this point the record is in conflict over what the Condominium Association knew, or should have known, about the existence and significance of the surface cracks in the concrete balconies. If the Association did not know, or have reason to know, of the deterioration of the steel reinforcing bars inside the concrete, the decay was "hidden" and should be covered by the policy.
NOTES
[1] Summary judgment was granted for the insurer, apparently on the theory that rust could not constitute "hidden decay" for purposes of the additional collapse coverage. I concur that for purposes of the collapse coverage, rust of reinforcing bars embedded inside the concrete can constitute hidden decay.