**PLAYBOY ENTERPRISES, INC., Plaintiff,**

v.

**CALVIN DESIGNER LABEL, Calvin Fuller, and Calvin Merit, Defendants.**

**Civil Action No. C–97–3204 CAL.**

United States District Court, N.D. California, San Francisco Division.

Sept. 8, 1997.

See also, 1997 WL 605375.

---

Neil A. Smith, Limbach & Limbach L.L.P., San Francisco, CA, (David R. Francescani, Maryann Hayes, Darby & Darby P.C., New York City, of counsel), for plaintiff, Playboy Enterprises, Inc.

## ORDER OF PRELIMINARY INJUNCTION

LEGGE, District Judge.

This cause has been presented to the Court, upon the motion of Plaintiff Playboy Enterprises, Inc. ("PEI"), seeking an Order of Preliminary Injunction during the pendency of this action, from infringing PEI's trademarks on Defendants' Internet World Wide Web sites.

PEI's motion is supported by a Complaint; a Memorandum of Points and Authorities; the Declaration of Michelle A. Kaiser, Staff Attorney of PEI; and the Declarations of Maryann Hayes and two Declarations of Neil A. Smith, outside intellectual property counsel to PEI.

This Court having given full consideration to all of PEI's papers and the relevant authorities, and in accordance with Federal Rule of Civil Procedure 65(b), makes the following Order:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

2. This Court has personal jurisdiction over Defendants by virtue of their California citizenship and tortious acts within this Judicial District.

3. PEI owns Federal Trademark Reg. No. 721,987 for the mark PLAYMATE, and Federal Trademark Reg. Nos. 2,020,389, 2,011,646, for the mark PLAYBOY, and other registrations for the marks PLAYMATE and PLAYBOY.

4. Defendants have used the marks PLAYBOY and PLAYMATE as part of their domain names on the Internet and used the marks PLAYMATE and PLAYBOY within the Internet Web pages offered at the sites at Internet addresses www.playboyxxx.com and www.playmatelive.com, all without PEI's authority.

5. Plaintiff PEI has demonstrated a sufficient (i) likelihood of success on the merits of its trademark infringement, unfair competition and dilution claims, (ii) irreparable harm if it is not granted a temporary restraining order pending hearing on its motion for a preliminary injunction, (iii) the balance of hardships tipping in its favor, (iv) and the absence of any public interest factors militating against the interim relief sought in its application, to merit and constitute good cause for the issuance of a Preliminary Injunction Order as more particularly described herein.

6. The Court finds that Plaintiff PEI is likely to succeed on the merits in proving *inter alia* trademark infringement, unfair competition, including a false designation of origin and false representation, in Defendants' use of the domain names "playboyxxx.com" and "playmatelive.com", the use of the name "Playmate Live Magazine" which include Plaintiff's PLAYMATE registered trademark, the use of "Get it all here @ Playboy" which includes Plaintiff's PLAYBOY registered trademark, and the repeated use of the PLAYBOY trademark in machine readable code in Defendants' Internet Web pages, so that the PLAYBOY trademark is accessible to individuals or Internet search engines which attempt to access Plaintiff under Plaintiff's PLAYBOY registered trademark.

IT IS THEREFORE FURTHER ORDERED that:

1. Defendants, their officers, agents, servants, employees, attorneys, parents, subsidiaries and related companies, and all persons acting for, with, by, through or under them having notice of this Order by personal service, electronic mail, or otherwise, and each of them, shall be immediately preliminarily enjoined and restrained during the pendency of this action, from:

  a. using in any manner the PLAYMATE or PLAYBOY trademarks, and any other term or terms likely to cause confusion therewith, including PLAYMATELIVE or "playboyxxx.com" or "playmatelive.com", as Defendants' domain name, directory name, or other such computer address, as the name of Defendants' Web site service, in buried code or metatags on their home page or Web pages, or in connection with the retrieval of data or information or on other goods or services, or in connection with the advertising or promotion of their goods, services or web sites;

  b. using in any manner the PLAYMATE or PLAYBOY trademarks in connection with the Defendants' goods or services in such a manner that is likely to create the erroneous belief that said goods or services are authorized by, sponsored by, licensed by or are in some way associated with PEI;

  c. disseminating, using or distributing any Web site pages, advertising or Internet code words or titles, or any other promotional materials whose appearance so resembles the Web site pages or trademarks used by PEI, so

as to create a likelihood of confusion, mistake or deception;

d. otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendants' goods or services are somehow sponsored by, authorized by, licensed by, or in any other way associated with PEI; and

2. Defendants shall preserve and retain in hard copies or digital copies, all evidence and documentation relating in any way to their use of the domain names "playboyxxx.com" or "playmatelive.com" and the trademarks PLAYMATE and PLAYBOY in any form, including all records relating to such Web site or any other Web sites or subscription magazines or services where such names or marks have been used, all records relating to the names, addresses (e-mail or otherwise) of any parties with whom Defendants have communicated, and all financial records relating to such Web sites, services, magazines, or any products or services, advertising, on or offered on or through such Internet Web sites, and shall deliver back-up copies of all of the aforementioned files to Plaintiff's counsel, Neil A. Smith, Limbach & Limbach, L.L.P., 2001 Ferry Building, San Francisco, California, 94111.

3. Defendants shall immediately cease using and claiming ownership of the marks "playboy", "playmate", "playboyxxx" or "playmatelive" on the Internet. That Defendants shall immediately discontinue using the Internet Web site addresses or domain names "http://www.playboyxxx.com" and "http://www.playmatelive.com" and Defendants shall immediately request Network Solutions, Inc. to cancel all such domain name registrations.

4. That if Network Solutions, Inc. delegates complete control regarding the disposition of the registration and use of these domain names to this Court, the domain names are hereby cancelled. That Plaintiffs shall notify Network Solutions, Inc. of this Court's cancellation of the domain names "playboyxxx.com", and "playmatelive.com".

5. That Defendants shall file with the Court and serve upon Plaintiff's counsel within thirty (30) days of the entry of such Order of Preliminary Injunction an affidavit or declaration attesting to and detailing Defendants' compliance with it.

6. It is further ordered that Plaintiff shall maintain the bond previously posted in the amount of $1000.00 for this Order.

SO ORDERED.