■ KURT R. NEMIER et al., Respondents, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant, and CHASE MANHATTAN MORTGAGE CORPORATION, Respondent. [735 NYS2d 295] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced this action seeking damages from Liberty Mutual Fire Insurance Company (defendant), their homeowners' insurance

carrier, based on the collapse of their home following a rain storm in September 1998. Supreme Court properly granted that part of plaintiffs' motion seeking summary judgment on the issue of liability. The policy provides coverage "for direct physical loss to covered property involving collapse of a building or any part of a building caused only by * * * Hidden decay" and excludes coverage for loss resulting from "wet or dry rot." Defendant denied coverage on the ground that the collapse was due to the long-standing decay of the joists. According to defendant, plaintiffs knew of the decay since 1996 and thus it was not "Hidden."

We conclude that plaintiffs met their initial burden on the motion and defendant failed to raise a triable issue of fact (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiffs established that the living room "collapsed" when a corner of the room sank several inches (*see generally, Royal Indem. Co. v Grunberg*, 155 AD2d 187, 189). Defendant failed to submit any proof to support its contention that plaintiffs had knowledge of the decay responsible for the collapse, and mere conjecture is insufficient to defeat the motion (*see, Sosa v Golub Corp.*, 273 AD2d 762, 764). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Green, J. P., Kehoe, Burns, Gorski and Lawton, JJ.