OPINION OF THE COURT BY
JUSTICE CUNNINGHAM
In 2004, Hiram Campbell purchased a homeowner’s insurance policy from the Appellee, Kentucky Growers Insurance Company (“Insurer”). The policy provided coverage for Hiram’s home located in Brodhead, Kentucky. The policy was self-renewing and continued in effect after Hiram died in late 2005. Following Hiram’s death, his daughter, Appellant Wanda Thiele (“Thiele”), moved into Hiram’s residence. She was also the executrix of Hiram’s estate.
In January 2011, Thiele moved the refrigerator and discovered termite infestation. Additional termite damage was discovered throughout the home, including damage to wall paneling and flooring. Upon discovering the damage, Thiele contacted Insurer to make a claim under the homeowner’s policy provision covering collapse. That provision provides:
8. Collapse—“We” pay for direct physical loss ... involving the collapse of a building or part of a building caused by only the following:
[[Image here]]
(b) hidden insect or vermin decay;
Collapse does not mean settling, cracking, bulging, or expanding. Because no collapse had occurred, Insurer denied Thiele’s claim. As a result, Thiele filed a declaration of rights claim in Rockcastle Circuit Court. Insurer answered and filed a motion for a declaratory judgment in its favor. The trial court conducted a hearing and subsequently issued a judgment in Thiele’s favor. On appeal, a unanimous Court of Appeals’ panel reversed the trial court. Having reviewed the record and the law, we affirm the Court of Appeals’ decision and remand this case to the trial court for further proceedings.
Analysis
“It is well settled that the proper interpretation of insurance contracts generally is a matter of law to be decided by a court; and, thus, an appellate court uses a de novo, not a deferential, standard of review.” Cincinnati Ins. Co. v. Motorists Mut. Ins., 306 S.W.3d 69, 73 (Ky. 2010). The controlling case here is Niagara Fire Ins. Co. v. Curtsinger, 361 S.W.2d 762, 763 (Ky. 1962). Curtsinger defined collapse as follows:
The word ‘collapse’ in connection with a building or other structure’ has a well-understood common meaning. Webster’s Collegiate dictionary defines the word as, ‘(1) To break down or go to pieces suddenly, especially by falling in of sides; to cave in.’
[[Image here]]
It seems to us that the mere subsidence of the floor of the porch, which pulled it and the roof away from the building a few inches, cannot be regarded as the collapse of any part of the building, and that the trial court should have so ruled as a matter of law.
Id. at 764-65.
The damage to Thiele’s residence may have been more extensive than that discussed in Curtsinger. However, it is undisputed that Thiele’s residence has not “collapsed” under Cwrtsinger’s definition. Therefore, . applying Curtsinger would foreclose recovery under the insurance policy at issue here.
Thiele requests that we abrogate Curt-singer, and instead adopt the more lenient majority rule. Under the majority rule, “[t]he structure need not be in imminent danger of collapse, but the damage to it must substantially impair the structural *200 integrity of the building. That is, the damage must alter the basic stability or structure of the building in order to constitute a ‘collapse.’ ” 11 Couch on Insurance, § 153:81 (3d ed., June 2016 Update) (quoting Sandalwood Condominium Ass’n at Wildwood, Inc. v. Allstate Ins. Co., 294 F.Supp.2d 1315, 1318 (M.D. Fla. 2003)). See also 71 A.L.R.3d 1072. We decline Appellant’s invitation to adopt the majority rule.
We have consistently held that “[t]he words employed in insurance policies, if clear and unambiguous, should be given them plain and ordinary meaning.” Nationwide Mut. Ins. Co. v. Nolan, 10 S.W.3d 129, 131 (Ky. 1999) (citations omitted). The meaning of “collapse” is clear. Moreover, a significant number of states still adhere to a plain language interpretation of “collapse.” E.g., Heintz v. U.S. Fidelity & Guar. Co., 730 S.W.2d 268, 269 (Mo. App. 1987) (“There must have been a falling down or collapsing of a part of a building. A condition of impending collapse is insufficient.”). Therefore, we believe that Curt-singer was rightly decided and see no reason to depart from its holding.
As a practical matter, any long range effect of our decision could easily be minimized by the insurance companies in simply re-defining the “collapse” exemption to meet our judicial definition. We refuse to contort the common sense meaning of-that word to the breaking point for such an ephemeral consequence.
Conclusion
For the foregoing reasons, we hereby affirm the Court of Appeals’ decision reversing the trial court’s judgment and remanding.
Minton, C.J.; Cunningham, Hughes, Keller, Venters and Wright, JJ., sitting.
Minton, C.J.; Hughes, Keller, and Venters, JJ., concur.
Wright, J., dissents by separate opinion.
VanMeter, J., not sitting.